USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___6/23/26___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAJKUMAR RAJAPPAN, *individually and as a representative of a class of similarly situated persons, and on behalf of the Bloomberg L.P. 401(k) plan plaintiffs*, | |
| Plaintiff, | 26-CV-785 (GHW) (BCM) |
| -against- | **ORDER** |
| BLOOMBERG L.P., et al., | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the Court will grant the motion of defendants Bloomberg L.P., The Bloomberg Investment Committee (Investment Committee), and The Bloomberg Retirement Plan Committee (Retirement Committee) to stay discovery pending the outcome of their motion to dismiss plaintiff Rajkumar Rajappan's First Amended Complaint.

## Background

In this putative class action, plaintiff Rajappan alleges that defendants breached their fiduciary duties under the Employee Retirement Income Security Act (ERISA) by keeping two "serially underperforming funds" in the Bloomberg L.P. 401(k) plan for over ten years. Compl. (Dkt. 1) ¶ 5. On March 6, 2026, the Hon. Gregory H. Woods, United States District Judge, referred the case to me for general pretrial management. (Dkt. 13.) On April 6, 2026, defendants moved to dismiss the Complaint. (Dkt. 19.) On April 13, the parties agreed that plaintiff would amend his complaint by April 27, 2026, and that defendants would answer or move with respect to the amended complaint by May 20, 2026. (Dkts. 26, 28.) That same day, defendants moved for a stay of discovery, pursuant to Fed. R. Civ. P. 26(c), "until the Court resolves Defendants' forthcoming motion to dismiss" plaintiff's not-yet-filed amended complaint. Def. Mot. (Dkt. 27) at 1.

On April 28, 2026 – after the stay motion was fully briefed (*see* Dkts. 32, 35) – plaintiff filed his First Amended Complaint (FAC) (Dkt. 39), thereby mooting defendants' motion to dismiss the original Complaint. (*See* Dkt. 33.)[1] On May 4, 2026, I conducted an initial case management conference, during which defendants confirmed that they intended to file a new motion to dismiss the FAC. Consequently, in addition to setting various discovery deadlines, I granted defendants leave to renew their stay motion and authorized limited supplemental briefing. *See* 5/4/26 Order (Dkt. 46) ¶ 2(b).

On May 20, 2026, defendants filed their motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. 49.) Defendants argue, among other things, that plaintiff lacks standing to challenge defendants' selection of one of the two allegedly underperforming funds, because he never invested in that fund (*see* Dkt. 50 at 7-9); and that, as to both funds, plaintiff offers only "[h]indsight-based performance criticisms and cherry-picked alternatives," and consequently has not stated a plausible claim for "performance-based investment imprudence." (*Id*. at 10.)

On May 27, 2026, plaintiff filed his authorized supplemental letter-brief in opposition to the stay motion (Pl. Supp. Ltr.) (Dkt. 55), and, on May 29, 2026, defendants filed their authorized supplemental letter-brief (Def. Supp. Ltr.) (Dkt. 56) in support of the stay, together with the declaration of attorney Margaret E. Vander Woude (Vander Woude Decl.) (Dkt. 57).

On June 17, 2026, plaintiff filed a motion for leave to further amend his complaint, along with clean and redlined copies of his proposed Second Amended Complaint (PSAC). (Dkts. 62, 62-2, 62-3.) "The only substantive revision in the PSAC is the addition of a new plaintiff, Mr.

---

[1] After plaintiff filed the FAC, but before defendants moved to dismiss the FAC, defendants filed an unauthorized sur-reply in support of their stay motion (Dkt. 44), to which plaintiff filed an unauthorized sur-reply (Dkt. 45), both of which the Court has disregarded.

Schultz, who invested in both Challenged Funds during the class period." (Dkt. 62-1 at 3.) The motion to dismiss the FAC is fully-briefed. Defendants have not yet responded to the motion for leave to file the PSAC.

### Standards

District courts have "considerable discretion" to stay discovery upon a showing of good cause, *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (citation omitted), which can be furnished by the pendency of a motion to dismiss that presents "substantial arguments for dismissal." *Id*. (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (cleaned up)). In evaluating whether the movant has demonstrated good cause, courts typically consider "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72 (cleaned up and quotation omitted); *accord Del Mar TIC I LLC v. Bancorp Bank*, 2024 WL 1348501, at *2 (S.D.N.Y. Mar. 29, 2024). Here, all three factors support the requested stay.

### Analysis

Although the discovery process is nascent in this case, it is fairly clear that discovery will likely involve voluminous document production and review. Even before the initial case management conference on May 4, 2026, plaintiff requested that defendants produce Investment Committee and Retirement Committee meeting minutes and attachments, as well as Investment Policy Statements. *See* Def. Mot. Ex. A (Dkt. 27-1) at 1. Defendants aver that the committee materials "ma[ke] multiple references to meeting decks that contain approximately a hundred pages each." Vander Woude Decl. ¶ 3.

Should discovery proceed, there is no reason to expect that production will be limited to this discreet category of documents. In putative class actions under ERISA, discovery is often one-

sided. As the Second Circuit noted in *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705 (2d Cir. 2013), even the "prospect of discovery in a suit claiming breach of fiduciary duty is ominous, potentially exposing the ERISA fiduciary to probing and costly inquiries and document requests about its methods and knowledge at the relevant times." *Id*. at 719. This burden – while arguably appropriate once the court has determined that the plaintiff has pleaded a cognizable claim under ERISA – "elevates the possibility that 'a plaintiff with a largely groundless claim [will] simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence.'" *Id*. (alteration in original) (quoting *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 347 (2005)).

On the other hand, if the motion to dismiss the FAC is granted, there will be no need for discovery, and if it is granted in part (for example, in relation to one of the two funds at issue, *see* Def. Mem. (Dkt. 50) at 12-14), the discovery burden will be significantly reduced. In these circumstances, a stay of discovery would help avoid "burdensome efforts that could be unnecessary . . . and [may] waste [] precious resources." *Long Island Neuroscience Specialists LLP v. Oscar Health, Inc.*, 2026 WL 17142, at *4 (E.D.N.Y. Jan. 2, 2026) (citation omitted); *see also Goldstein v. City Univ. of New York*, 2025 WL 3471131, at *2 (S.D.N.Y. Dec. 3, 2025) (granting stay where, absent such a stay, "the parties could engage in expensive litigation which could be rendered moot if the Court grants the Motion to Dismiss"). Consequently, the first factor weighs in favor of the requested stay.

The second factor also weighs in favor of the stay, as plaintiff has not identified any specific prejudice that he will suffer if discovery is delayed. Plaintiff's ERISA claims will necessarily rely

in large part on financial documents, which defendants are of course under a duty to preserve. Plaintiff has not claimed that any particular deposition testimony or other non-documentary evidence is "crucial," *cf. Morien v. Munich Reinsurance Am., Inc.*, 270 F.R.D. 65, 68 (D. Conn. 2010) (refusing to stay the deposition of a party witness whose testimony was "crucial" to plaintiff's ability to survive defendants' motion to dismiss his ERISA claims as time-barred), and it is well-settled that "the general notion that the passage of time will create prejudice" is an insufficient basis on which to resist a discovery stay. *Mazzola v. Anthem Health Plans, Inc.*, 2026 WL 1045702, at *4 (D. Conn. Apr. 17, 2026) ("[D]elay 'cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.'") (quoting *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. April 26, 2018)). Here, plaintiff asserts that a call between the parties' counsel regarding a potential ESI stipulation did not "inspire confidence" in defendants' preservation of documents, Pl. Supp. Ltr. at 4, but he does not point to any concrete risk of spoliation or other loss of evidence. Moreover, defendants assert that "a legal hold was timely put in place." Def. Supp. Ltr. 4. The Court is therefore satisfied that plaintiff "can obtain relevant and proportional discovery later," if the motion to dismiss is denied, and should suffer "no prejudice" from the stay. *Konyukhova v. Walgreen Co.*, 2025 WL 3257176, at *3 (S.D.N.Y. Nov. 21, 2025); *see also Hubbuch v. Cap. One, N.A.*, 2025 WL 2161238, at *1 (S.D.N.Y. Feb. 3, 2025) (noting defendants are "under an obligation to preserve evidence" during the pendency of the stay). The second factor therefore also weighs in favor of the requested stay.

Finally, it appears to this Court that defendants' pending motion to dismiss the FAC raises "substantial arguments for dismissal." *Ema Fin.*, 336 F.R.D. at 79. An ERISA plaintiff "may not . . . rely only on after-the-fact allegations that a particular investment's value decreased or that a better alternative was available at the time of the challenged decisions." *Collins v. Ne. Grocery,*

5

*Inc.*, 2025 WL 2383710, at *2 (2d Cir. Aug. 18, 2025) (summary order) (citing *St. Vincent Catholic Med. Ctrs. Ret. Plan*, 712 F.3d at 718). Here, plaintiff pleads that the challenged funds underperformed their disclosed benchmarks by only 0.67% (on an average annual basis) in the years leading up to January 1, 2020 – which is when, he alleges, defendants should have replaced them with better-performing funds – and that it was only after that date that the challenged funds' performances lagged their benchmarks more significantly. *See* FAC ¶¶ 159, 162, 167, 169, 174, 179, 181 & Tables 1.a – 2.c. Defendants thus have a "substantial argument" that plaintiff has not alleged the "type of substantial underperformance over a lengthy period" required to properly plead a breach of the duty of prudence. *Gonzalez v. Northwell Health, Inc.*, 632 F. Supp. 3d 148, 164 (E.D.N.Y. 2022) (collecting cases).[2] I acknowledge that plaintiff has also "raised significant opposition." *Pujals v. BDO USA, P.C.*, 2025 WL 2644238, at *4 (S.D.N.Y. Sept. 15, 2025). On balance, however, "the scales tip in favor of a discovery stay." *Id*.

### Conclusion

For these reasons, discovery is hereby STAYED pending a decision on defendants' motion to dismiss. The Clerk of Court is respectfully directed to close the motion at Dkt. 27.

Dated: New York, New York
    June 23, 2026                    **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

[2] As noted above, the PSAC was designed to cure the standing defect described by defendants with respect to one of the two allegedly underperforming funds, but would not affect the other pleading deficiencies that defendants identify in the FAC. This Court therefore need not await full briefing on the motion to amend prior to making a decision on defendants' stay motion. *See, e.g.*, *Camacho v. Nassau BOCES Sch. Dist.*, 2021 WL 4949033, at *4 (E.D.N.Y. Oct. 25, 2021) (staying discovery based on motion to dismiss prior to deciding cross-motion for leave to amend).